IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| PLAINTIFF,   ) | |
| ) | |
| vs.   ) | Case No. 22-CR-30123-NJR |
| ) | |
| ANTONIO C. DORSEY   ) | |
| ) | |
| DEFENDANT.   ) | |

**ORDER**

The Defendant appeared on December 9, 2022 for an Initial Appearance and Arraignment (Doc. 9). The Government made an oral motion to detain the Defendant pending trial. At the time of the Initial Appearance and Arraignment, the Pretrial Services Office had completed a Pretrial Services Report, both parties indicated that they had reviewed the report and were prepared to proceed with the issue of detention. The Government's oral motion to detain asserted that the Defendant was a flight risk, a danger to the community, and that because of the instant charges, this case was subject to the rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant or safety of the community. *See* 18 U.S.C. § 3142(e).

The Defendant, through his counsel, encouraged the Court to release the Defendant on bond. The Pretrial Services Report, which is not binding on the Court, recommended that the Defendant be released on bond and proposed conditions of

release. After hearing arguments of the parties, the Court took the motion to detain under advisement. After carefully considering the arguments of both parties and the factual background outlined in the Pretrial Services Report, the Government's oral motion to detain will be DENIED and the Defendant will be released on bond. The Court, however, opts to add additional conditions of release in addition to those recommended by the Pretrial Services Office.

In arriving at its conclusion, the Court considers the weight of the evidence, which according to the Government's proffer, is strong against the Defendant. The Court is also mindful that this case is subject to a rebuttable presumption of detention. The presumption "places a light burden of production on the defendant, but the burden of persuasion always rests with the government and an unrebutted presumption is not, by itself, an adequate reason to order detention." *United States v. Wilks*, 15 F.4th 842, 846-47 (7th Cir. 2021); *see also United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (the presumption is rebutted when the defendant comes forward with some evidence that he will not flee or endanger the community). The presumption is considered in connection with the other factors of the Bail Reform Act and "if the government does not carry its burden to justify detention, the judge must order the defendant's release pending trial subject to the least restrictive combination of conditions that will reasonably assure his appearance and the safety of the community." *Wilks*, 15 F.4th at 847; *Dominguez*, 783 F.2d at 707 (once rebutted, the presumption does not simply disappear, but rather it remains a factor for the court to weigh along with the other factors of § 3142).

Here, in reviewing the factual background of the Pretrial Services Report and in considering the arguments of counsel at the detention hearing, the Court finds that the Defendant has carried his burden to rebut the presumption. But the presumption does not disappear from the case; it nevertheless remains a factor and that weighs in favor of detention. *See Dominguez*, 783 F.2d at 707.

In favor of release, the Court notes that the Defendant has a home plan that has been approved by the Pretrial Services Office. And while the Defendant's criminal history does contain a few convictions, the convictions are for Possession of a Controlled Substance (two of which were for 35 Grams or Less of Marihuana). For all three of these convictions, the Defendant initially received a suspended imposition of sentence and probation. In reviewing the Defendant's criminal history there are no convictions for any crimes involving violence (not even a misdemeanor involving an allegation of violence). The Court also is mindful of the presumption of innocence, which the Defendant enjoys here. *See* 18 U.S.C. § 3142(j) (nothing in the Bail Reform Act "shall be construed as modifying or limiting the presumption of innocence.").

Although the Defendant is not currently employed, he has been employed for substantial periods of time in the past and therefore the Court believes he has the potential for gainful employment while out on bond. Accordingly, a condition of the Defendant's bond will require him to actively seek employment.

Finally, the Court notes that the Defendant has no real ties outside this district.

3

The Court is not substantially concerned that the Defendant is a risk of flight or that he will fail to appear when required.

When the Court considers the evidence as a whole, the Court will release the Defendant on bond consistent with the Pretrial Services Offices' recommendation. However, the Court opts to modify the proposed conditions and include a condition of Home Detention. The imposition of Home Detention also requires the imposition of Location Monitoring, in order to allow Pretrial Services to monitor the Defendant's movements and ensure he is complying with the restrictions of Home Detention.

**IT IS SO ORDERED**

**DATED: December 14, 2022**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**